IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SERGIO ANGEL CASTILLO-GUERRA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1115-A |
| | § | (NO. 4:14-CR-130-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Sergio Angel Castillo-Guerra ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:14-CR-130-A, styled "United States of America v. Mario Morones-Ramirez, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 11, 2014, movant was named, along with two others, in a two-count indictment charging him in count 1 with conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. §

846, and in count 2 with possession with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). CR Doc.[1] 21. Movant was initially represented by appointed counsel, but later retained counsel to act on his behalf. CR Docs. 3 & 40.

On August 15, 2014, movant appeared for rearraignment and pleaded guilty to count 1 of the indictment. CR Doc. 52. In connection with the plea, the parties presented the court with a factual resume, CR Doc. 53, and plea agreement, CR Doc. 54, each of which had been signed by movant and his attorney. Movant was placed under oath[2] and, among other things, stated that he understood that he was waiving his right to trial; he was satisfied with his attorney and did not have any complaint whatsoever; his plea was based on actual guilt and was made knowingly, voluntarily, and without pressure or coercion; he did not have any deal, understanding, or agreement and that no one had made any promise to him to induce him to enter a guilty plea; he understood the role of the sentencing guidelines and had

---

[1] The "CR Doc.___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:14-CR-130-A.

[2] Movant used the services of an interpreter during the hearing and the court specifically admonished movant to notify the court immediately if there was any problem with the interpreting equipment. CR Doc. 142 at 10-11.

2

discussed them with his attorney and knew that the court had the exclusive authority to calculate his guideline range after it reviewed the PSR and considered any objections; the guideline calculation was not limited to the facts stipulated by the parties and the court could take into account facts not mentioned in the stipulated facts and impose a sentence more severe or less severe than the sentence called for by the guidelines; he would not be permitted to withdraw his plea if his sentence was higher than he expected; he committed each element of the offense charged in count 1 of the indictment; and, the factual resume had been read to him in his language, he had discussed it with his attorney, and the facts stated therein were true and correct. The court specifically explained that movant was subject to a term of imprisonment of 20 years, which movant stated he understood. The court determined that movant's plea was knowing and voluntary and that he was competent to enter into it. CR Doc. 142.

Despite the court's admonishment about the need to speak up if there was any inaccuracy in the presentence report, CR Doc. 142 at 20-21, movant did not object to the presentence report. At sentencing, on December 5, 2014, movant's attorney represented to the court that he and his client had received, read, and

3

discussed the presentence report.[3] CR Doc. 143 at 4-5. Movant did not at any time contradict his attorney or make any complaint whatsoever about his representation of movant. He simply asked forgiveness and stated that he was willing to pay for his crime. CR Doc. 143 at 19. The court sentenced him to a term of imprisonment of 210 months. CR Doc. 143 at 21; CR Doc. 106.

Movant appealed and the judgment was affirmed. United States v. Castillo-Guerro, 627 F. App'x 353 (5th Cir. 2015). His petition for writ of certiorari was denied. Castillo-Guerro v. United States, 136 S. Ct. 1505 (2016).

II.

Grounds of the Motion

Movant asserts five grounds in support of his motion, worded as follows:

> Ground One: United States District Judge failed to ascertain if Defendant had read and discussed the Presentence Investigation Report (PSR) before sentencing in violation of Rule 32(i)(1)(A), Federal Rules of Criminal Procedure. The Rule requires the Judge to verify that the Defendant and Defendant's attorney have read and discussed the Presentence Investigation Report.
>
> Ground Two: Defense Attorney Samuel Terry failed to disclose, discuss and read the PSR to Defendant prior to sentencing in violation of Rule 32(f)(1) and Rule 32(i)(1)(A), Federal Rules of Criminal Procedure.

---

[3]Counsel represented that the PSR was read to movant and discussed with him in his native language. CR Doc. 143 at 5.

4

Ground Three: Attorney Terry failed to object to the offense conduct and Guidelines calculations paragraph 14-27 of the PSR. Attorney Terry failed to object to Defendant being held accountable for 480 kilograms of cocaine as relevant conduct.

Ground Four: Attorney Terry promised Defendant that he would be punished only for 8 kilograms of cocaine.

Ground Five: Attorney Terry's failure to confer with Defendant before sentencing violated Defendant's Sixth Amendment right to confer with counsel.

Doc.[4] 1.

III.

Applicable Legal Principles

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

---

[4] The "Doc. __" reference is to the number of the item on the docket in this civil case.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. It is not the government's burden to prove that counsel was competent; rather, movant must show both deficient performance and prejudice. Premo v. Moore, 562 U.S. 115, 121-22 (2011). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

7

IV.

## Analysis

In his first ground, movant alleges that the court violated Fed. R. Crim. P. 32(i)(1)(A) by failing to ascertain whether movant and his attorney had read and discussed the presentence report. In his second ground, he alleges that his attorney failed to disclose, read, and discuss the presentence report with him.[5] The record belies his claims. The court verified at the beginning of the sentencing hearing that movant and his counsel had received, read, and reviewed the presentence report. CR Doc. 143 at 4-5. Counsel verified that the report was read to movant in Spanish and discussed with him in Spanish. Id. Movant had every opportunity to object or contest his counsel's representations, but failed to do so.

In his third ground, movant complains that his attorney did not object to the presentence report. Specifically, he complains that his attorney did not object to movant's being held responsible for 480 kilograms of cocaine. The presentence report, adopted by the court, sets forth the basis for holding movant responsible for 480 kilograms of cocaine. CR Doc. 65. Moreover,

---

[5] In the supporting facts section of the first ground, movant goes so far as to claim that he had to proceed pro se on appeal without benefit of the presentence report. The record established that the allegation is specious.

8

movant stipulated to the facts in the factual resume establishing that the conspirators received 40 kilograms of cocaine every fifteen days from their boss in Mexico. CR Doc. 53. (According to the presentence report, forty kilograms of cocaine was delivered every 15 days for six to eight months; thus, movant could have been held responsible for an even greater quantity. CR Doc. 65 at ¶ 27.) Movant offers nothing more than conclusory allegations regarding objections that could have been made. Counsel's failure to make meritless objections cannot be ineffective assistance. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In his fourth ground, movant says his attorney promised him he would only be punished for eight kilograms of cocaine. This allegation is insufficient to overcome movant's solemn declarations in open court that no one had promised him anything to induce him to plead guilty and that he understood the court would determine his sentence, which could be up to twenty years. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant stipulated to the facts that led to him being held responsible for 480 kilograms of cocaine. To claim that his attorney told him he would only be held responsible for eight is incredible in any event.

In his fifth ground, movant contends that his attorney violated his Sixth Amendment right to counsel because he failed

9

to confer with movant before sentencing.[6] In the supporting facts, he alleges that his complaint is really that his counsel was unable to speak Spanish. Of course, movant selected his own counsel to replace the attorney appointed to represent him. And, movant had ample opportunity to make that complaint known to the court, if it was true. Movant had the assistance of interpreters at every hearing and during his interview with the probation officer relative to the preparation of the presentence report. At sentencing, movant's counsel informed the court that he and movant had discussed the presentence report in movant's native language. CR Doc. 143 at 4-5. Movant never once expressed any disagreement with counsel's representations; nor did he ever complain about anything counsel did or failed to do. His conclusory allegations are simply insufficient to raise a constitutional issue. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

---

[6]Again, this claim is belied by the record. CR Doc. 143.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 20, 2017.

_____
JOHN McBRYDE
United States District Judge

11